### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION,<br><br>v. | |
| OKOJI HOME VISITS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0898-M<br>**LEAD CASE** |
| SHAFIE TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0900-M |
| BUTT TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0901-M |
| PATEL TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0902-M |
| JOHNSTON TRANSITIONS MHT, LLC, ET AL. | Civil Action No. 3:18-cv-0903-M |
| THI TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0904-M |
| WOLDEGIORGIS TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0907-M |
| SIDDIQUI TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0908-M |
| ORTEGA HOME VISITS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0909-M |
| LAS VEGAS TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0910-M |
| EL-SALIBI TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0916-M |
| POKU HOME VISITS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0917-M |
| OPAIGBEOGU MHT LLC, ET AL. | Civil Action No. 3:18-cv-0918-M |
| SOZI TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-0919-M |
| DOCTOR NHUE HO HOME VISITS LLC ET AL | Civil Action No. 3:18-cv-0920-M |
| IMRAN TRANSITIONS MHT, LLC, ET AL. | Civil Action No. 3:18-cv-0921-M |
| WAHAB TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-1949-M |
| SAGHIR TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-1950-M |
| OSTROWSKY HOME VISITS MHT LLC, ET AL. | Civil Action No. 3:18-cv-1952-M |
| SAMUEL TRANSITIONS MHT LLC, ET AL. | Civil Action No. 3:18-cv-2646-M |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Partial Motion to Dismiss (ECF No. 270), filed by Defendant

Ascentium Capital LLC ("Ascentium"), and the Motion for Leave to File Fourth Amended

Complaint (ECF No. 388), filed by Plaintiff Balboa Capital Corporation.  For the reasons

explained below, Ascentium's Motion is GRANTED, and Balboa's Motion for Leave is

DENIED.

## I.      Factual and Procedural Background

The Court previously recited the factual background in this case in its opinion on

Ascentium's motion to dismiss Plaintiff Balboa Capital Corporation's Second Amended

Complaint[1]:

> The [Second Amended] Complaint alleges that Plaintiff Balboa Capital Corporation and Defendant Ascentium are finance companies that compete with one another.  [Second Am. Compl. (ECF No. 177)] ¶¶ 8–9.  According to Balboa, Ascentium financed home health care practices through America's Medical Home Team, Inc. ("MHT") for several years prior to 2016.  *Id.* ¶ 10.  Balboa claims that MHT would recruit physicians to establish a home health care practice, and then Ascentium would loan the physicians money to pay the fees that MHT charged.  *Id.* ¶ 11.  According to the [Second Amended] Complaint, around 2016, Ascentium Senior Vice President Cliff McKenzie told Balboa Sales Director Patrick Ontal that "Ascentium's experience with MHT had been lucrative and positive, but that Ascentium had reached its portfolio limit of approximately $40 million and was no longer going to finance the home health care practices."  *Id.* ¶ 10.  Balboa alleges that Ascentium wanted to "refer the business to Balboa" instead.  *Id.*

> The [Second Amended] Complaint claims that Balboa then collected additional information about MHT from Ascentium, during which Ascentium stated that it had never "experienced a 'hard default' with any borrower."  *Id.* ¶ 15; *see also id.* ¶ 17 (alleging that an Ascentium representative told Balboa that "MHT was an excellent vendor, and that Ascentium had experienced no default on any of the more than $40 million in financing it had provided since 2012").  Balboa alleges that these claims were false.  It says that "Ascentium was aware that the vast majority of its borrowers had not established a home health care practice at all," and that any payments on the loans "were being made by MHT and being funded solely out of sales of new MHT Licenses."  *Id.* ¶ 19.  The Complaint further alleges that "Ascentium had demanded in early 2016 that MHT immediately pay a number of its loans in full," and that, contrary to Ascentium's representation, "Ascentium was not terminating its participation in the MHT program due to routine portfolio risk

---

[1] These facts recited in Balboa's Second Amended Complaint are identical in both substance and paragraph number to those facts recited in Balboa's Third Amended Complaint, the live pleading that is the subject of this Order.  *Compare* ECF No. 169 (Second Amended Complaint), *with* ECF No. 266 (Third Amended Complaint).  References to the "Second Amended Complaint" and "Third Amended Complaint" in this Order refer to the Second and Third Amended Complaints filed in the lead case respectively.  *See* ECF Nos. 169, 266.

management, . . . but because Ascentium recognized that MHT was ponzi [sic] scheme." *Id.*

Balboa alleges that as a result of Ascentium's purported misrepresentations, Balboa began funding loans to physicians through MHT. *Id.* ¶ 21.  According to the [Second Amended] Complaint, the physicians began defaulting on their loans shortly thereafter, so Balboa filed suit against the physicians and their guarantors for breach of contract.

ECF No. 261, at 10 (footnote omitted).[2]

In addition to filing suit against the physicians, Balboa brought claims against Ascentium for fraud and negligent misrepresentation, which Ascentium moved to dismiss.  ECF Nos. 169; 247.  The Court held that Balboa had sufficiently stated a claim for fraud by misrepresentation and negligent misrepresentation, but dismissed Balboa's claim for fraud by nondisclosure with leave to amend, concluding that Balboa had not alleged that Ascentium owed Balboa a duty to disclose.  ECF No. 261, at 6–10; *id.* at 8 (granting Balboa leave to amend "to set forth its best case for the existence of a duty").  On August 21, 2020, Balboa filed the Third Amended Complaint, alleging that Ascentium had a duty to disclose on two grounds: "(a) when it made partial disclosures that created a false impression and (b) when it voluntarily disclosed some information, creating a duty to disclose the whole truth."  Third Am. Compl. (ECF No. 266) ¶ 52.  Ascentium again moves to dismiss the fraud by nondisclosure claim.[3]  ECF No. 270. Balboa now seeks leave to file a proposed Fourth Amended Complaint,[4] which asserts no new

---

[2] The Court consolidated for pretrial purposes Balboa's separate suits against various physicians.  ECF No. 43.  Specifically, Balboa filed suit against the LLCs that the physicians created for their home health care services (the "Doctor LLCs") and the physicians as the Doctor LLCs' guarantors.  Because that distinction is unimportant for the purposes of this Order, this Order will refer only to the physicians.

[3] As Balboa's allegations against Ascentium are identical in each of the consolidated cases, Ascentium seeks dismissal of the fraud by nondisclosure claim in each case.

[4] On March 1, 2021, Balboa filed its first motion seeking leave to amend the Third Amended Complaint (ECF No. 319), which the Court denied.  ECF No. 331.  On July 6, 2021, Balboa again moved for leave to file a proposed Fourth Amended Complaint, which is addressed in this Order.  ECF No. 388.

claims but recites additional allegations of facts in support of its claims against Ascentium;

specifically, the proposed amendments describe information relating to MHT's financial

condition that Balboa claims Ascentium should have disclosed to Balboa.  ECF No. 388.

### II.      Motion to Dismiss

#### a.  Legal Standard

Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  For a Rule 12(b)(6) motion, the Court may generally consider

"the complaint, its proper attachments, documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice."  *Wolcott v. Sebelius*, 635 F.3d 757, 763

(5th Cir. 2011).  In reviewing this material, the Court must "constru[e] all factual allegations in

the light most favorable to the plaintiffs."  *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013).  The

Court is not, however, "bound to accept as true a legal conclusion couched as a factual

allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*,

478 U.S. 265, 286 (1986)).

For a complaint to survive a Rule 12(b)(6) motion, it must contain "enough facts to state

a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A facially plausible

complaint "must allege more than labels and conclusions . . . .  [F]actual allegations must be

enough to raise a right to relief above the speculative level."  *Jabaco, Inc. v. Harrah's Operating

Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

In addition to Rule 12(b)(6)'s plausibility requirement, claims for fraud must be pled with

particularity under Federal Rule of Civil Procedure Rule 9.  Rule 9(b) requires that the complaint

"state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

The complaint must allege "the particulars of time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what he

obtained thereby."  *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)

(quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).  In other

words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."  *Id.*

### b.  Analysis

Ascentium moves to dismiss Balboa's fraud by disclosure claim on the grounds that the

Third Amended Complaint does not plead requisite facts sufficient to establish that Ascentium

had a duty to disclose.  "If there is no duty to disclose, there is no fraud by nondisclosure."

*Tornado BUS Co. v. BUS & Coach Am. Corp.*, No. 3:14-cv-3231-M, 2015 WL 11120584, at *5

(N.D. Tex. Dec. 15, 2015) (Lynn, C.J.); *see also OCM Principal Opportunities Fund v. CIBC

World Mkts. Corp.*, 157 Cal. App. 4th 835, 845 (2007) ("[T]o establish fraud through

nondisclosure or concealment of facts, it is necessary to show the defendant 'was under a legal

duty to disclose them.'" (citation omitted)).[5]

Both Texas and California law recognize that a duty to disclose generally arises in the

context of a fiduciary relationship.  *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553,

562 (Tex. 2019) ("Generally, no duty of disclosure arises without evidence of a confidential or

fiduciary relationship."); *Fulford v. Logitech, Inc.*, No. C-08-2041 MMC, 2009 WL 837639, at

*1 (N.D. Cal. Mar. 26, 2009) ("[N]o duty to disclose can arise in the absence of either a fiduciary

---

[5] Ascentium contends that dismissal of Balboa's fraud by nondisclosure claims is appropriate under both California and Texas law.  Balboa does not address California law, and instead relies entirely on Texas cases.  Because the Court concludes that Balboa has failed to allege the existence of a duty to disclose under either state's laws, it need not reach the conflicts of law question at this time, but notes that the elements of fraud by nondisclosure are substantially similar under Texas and California law.  *See Eisenstadt v. Tel. Elecs. Corp.*, No. CIV A 306-CV-1196-O, 2008 WL 4386993, at *9 (N.D. Tex. Sept. 26, 2008) ("[F]or nondisclosure to be actionable under both Texas and California law, there must be a duty to disclose arising from the relationship between the parties, and . . . the elements of fraud in Texas and California are substantially the same.").

duty or a transaction between the parties." (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336–37 (1997)).

Balboa does not allege Ascentium was Balboa's fiduciary or that the parties had a confidential relationship; instead, Balboa argues Ascentium created a duty to disclose when it made partial disclosures that created a false impression, or voluntarily disclosed some information and in doing so created a duty to disclose the whole truth.[6]  Mot. at 3 (citing Third Am. Compl. ¶¶ 52–55).  Balboa points to alleged partial disclosures by Ascentium's Senior Vice President, Cliff McKenzie, and Chief Credit Officer, Hernan Traversone, that (1) "there had been 'no hard defaults' relating to the MHT program," and (2) "Ascentium was ending its participation in the MHT program due to routine portfolio risk management."  Third Am. Compl. ¶ 53.  According to the Third Amended Complaint, these alleged disclosures gave Balboa the false impression that the MHT program was successful, when in fact Ascentium was leaving the program not because of some internal limit, but because it had realized that MHT was a Ponzi scheme and that MHT needed a new funding source.  *Id.* ¶¶ 53–55.  Balboa also alleges that even if Ascentium did not know MHT was a Ponzi scheme until after it made these disclosures, it became obligated to disclose that information because a duty to disclose can arise when a party discovers information making an earlier representation misleading or untrue.  *Id.* ¶ 55.

The Court concludes that, under both California and Texas law, Balboa has not sufficiently alleged a duty to disclose based on these alleged voluntary or partial disclosures by Ascentium because Balboa does not allege a transactional relationship existed between Balboa and Ascentium.  California law is clear that, absent a fiduciary relationship, a duty to disclose

---

[6] At least one Texas Court of Appeals has recognized that there is no functional distinction between the "partial disclosure" and "voluntary disclosure" theories of fraud by nondisclosure. *See White v. Zhou Pei*, 452 S.W.3d 527, 538 & n.13 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

arises only in the context of a transactional relationship. *See, e.g.*, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522 F.3d 1049, 1059 (9th Cir. 2008) ("[B]ecause Platt failed to allege that there was a transactional relationship between Platt and UL . . . pursuant to California law, Platt's fraudulent concealment claim could not be premised on a duty to disclose."); *LiMandri*, 52 Cal. App. 4th at 337 ("[W]here material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is *some relationship* between the parties which gives rise to a duty to disclose such known facts. . . . As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties."). For example, California law recognizes that a duty to disclose may arise in the relationship between a buyer and seller, employer and prospective employee, doctor and patient, or parties to a contract. *Deteresa v. Am. Broad. Companies, Inc*., 121 F.3d 460, 467 (9th Cir. 1997) (citing *LiMandri*, 52 Cal. App. 4th at 337). Here, Balboa alleges only that Ascentium "is a competitor of Balboa's" and that they are "participants in the same industry." Third Am. Compl. ¶ 9. Accordingly, because Balboa does not allege a relationship or transaction between the parties, Balboa does not plead facts establishing a duty to disclose under California law.

Balboa's claims fare no better under Texas law. As an initial matter, this Court has previously recognized that the extent to which a duty to disclose exists absent a fiduciary or confidential relationship is unresolved under Texas law and by the Fifth Circuit. *Tornado BUS Co.*, 2015 WL 11120584, at *5 (citing *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co*., 414 F.3d 558, 566 (5th Cir. 2005); *Mora v. Koy*, 2013 WL 2289887, at *4 (S.D. Tex. May 23, 2013)). The Court is aware of no case from the Texas Supreme Court or the Fifth Circuit directly addressing the argument raised here, *i.e.*, whether a duty to disclose based on a partial or voluntary disclosure outside of a fiduciary or confidential relationship requires some sort of

transaction between the parties.  Accordingly, the Court looks to decisions of the Texas Supreme

Court to determine what that Court would decide.  *See St. Paul Fire & Marine Ins. Co. v.*

*Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999) ("If the state's highest court has not

spoken on a particular issue, 'it is the duty of the federal court to determine as best it can, what

the highest court of the state would decide.'").

The Texas Supreme Court appears to have first acknowledged the existence of a duty to

disclose based on a partial disclosure in *Bradford v. Vento*, 48 S.W.3d 749 (Tex. 2001).  There,

the Court recognized that "[s]everal courts of appeals have held that a general duty to disclose

information may arise in *an arm's-length business transaction* when a party makes a partial

disclosure that, although true, conveys a false impression."  *Id.* at 755 (emphasis added).  The

Court in *Bradford* further acknowledged that the Restatement (Second) of Torts § 551 recognizes

a general duty to disclose facts in a commercial setting, but expressly declined to adopt that duty.

*Id.* at 755–56; *see also Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 562 (Tex.

2019) (confirming that the Supreme Court of Texas has never adopted § 551).

After *Bradford*, cases from the Fifth Circuit and Texas Supreme Court considering the

existence of a duty to disclose outside of a fiduciary or confidential relationship appear to have

done so in the context of an arm's-length transaction or have avoided reaching the question

altogether.  *See, e.g.*, *United Teacher*, 414 F.3d at 566 (expressly assuming, but not deciding,

whether a duty to disclose was available absent a confidential or fiduciary relationship); *Rimade*

*Ltd. v. Hubbard Enterprises, Inc.*, 388 F.3d 138, 143 (5th Cir. 2004) (breach of contract case);

*Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 378 (5th Cir. 2003) ("Assuming, without

deciding, that such a misrepresentation could give rise to a duty under Texas law, . . . .");

*Mercedes-Benz*, 583 S.W.3d at 561–63 (concluding that no representations, partial or otherwise,

were made that could have triggered a legal duty to disclose); *Bombardier Aerospace Corp. v.*
*SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 221 (Tex. 2019) (case involved aircraft
purchase, agreement between the parties, and an alleged fiduciary duty).

Given the guidance from the Texas Supreme Court in *Bradford*, the repeated refusal of
the Texas Supreme Court to adopt § 551 of the Restatement (Second) of Torts, and the lack of
any contrary authority from the Fifth Circuit or subsequent Texas Supreme Court opinions, the
Court concludes that to the extent the Texas Supreme Court recognizes a duty to disclose based
on a partial or voluntary disclosure, it is limited to situations involving an arm's-length
transaction.  *See Admiral Ins. Co. v. Arrowood Indem. Co*., 471 B.R. 687, 711 (N.D. Tex. 2012)
(refusing, under *Bradford*, to find a duty to disclose in the absence of evidence of any transaction
or negotiation between the parties).  Accordingly, because the Complaint contains no allegations
of a fiduciary or confidential relationship, or any allegations of a transaction or transactional
relationship between Balboa and Ascentium, the Complaint fails to allege a duty to disclose
under Texas law.

Balboa points to two Texas appellate court opinions as support that a duty to disclose can
arise outside of a transactional relationship.  Resp. (ECF No. 292) at 10 (citing *Spencer &*
*Assocs., P.C. v. Harper*, No. 01-18-00314-CV, 612 S.W.3d 338 (Tex. App.—Houston [1st Dist.]
2019, no pet.); *JSC Nizhnedneprovsky Tube Rolling Plant v. United Res., LP*, No. 13-15-00151-
CV, 2016 WL 8921926 (Tex. App.—Corpus Christi Dec. 21, 2016, no pet.)).  However, while
decisions of intermediate state courts can provide guidance, they are not controlling.  *United*
*Teacher*, 414 F.3d at 566.  Moreover, the Court finds that in these two cases, the duty to disclose
arose either in the context of a transaction or discovery disclosure obligations, both of which are
inapplicable here.  *See JSC Nizhnedneprovsky*, 2016 WL 8921926, at *2 (noting the jury found

9

all defendants "were engaged in the business of selling casing, were sellers of the defective casing at issue, and made factual misrepresentations" to plaintiff); *Spencer & Assocs.*, 612 S.W.3d at 353 (finding, in a law firm's suit to collect on a judgment for fees from a former client, there was a fact question as to whether there was a duty to disclose where a party served incomplete discovery responses, noting that Tex. R. Civ. P. 193.1 requires a party responding to written discovery to "make a complete response" and imposes a "continuing duty" to amend or supplement responses based on new information).

Accordingly, because Balboa does not allege that Ascentium had a duty to disclose under either California or Texas law, Balboa fails to state a claim for fraud by nondisclosure.

### III.    Balboa's Motion for Leave to File Fourth Amended Complaint

Under the Court's Amended Scheduling Order, the deadline to amend pleadings was November 8, 2019. ECF No. 160 ¶ 3. None of the subsequent scheduling orders entered by the Court revived the deadline to amend pleadings. *See* ECF Nos. 246, 253, 265, 301, 307, 332. On July 6, 2021, Balboa moved for leave to file its proposed Fourth Amended Complaint. ECF No. 388.

"[W]hen a court has entered a scheduling order and the deadline for amendments has expired, the court must first consider whether it should modify the scheduling order under Rule 16(b)." *Narvaez v. Wilshire Credit Corp.*, No. 3:10-CV-179-M, 2010 WL 5452115, at *1 (N.D. Tex. Dec. 28, 2010) (Lynn, J.) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). "Under Rule 16(b), the movant has the burden of showing good cause to modify the scheduling order." *Id.* The Court considers four factors in making its determination: (1) the explanation for the delay, (2) the importance of the amendment, (3) the potential prejudice of the amendment, and (4) the ability to cure any prejudice with a continuance. *Id.*

In its Motion for Leave to File a Fourth Amended Complaint, Balboa does not argue that good cause exists or address the Rule 16(b) factors.  Balboa belatedly addresses good cause in its reply; however, given that arguments raised for the first time in reply are deemed waived, Balboa's failure to address good cause in its opening brief justifies denial of its request to amend its pleadings.  *AdvancePierre Foods Inc. Grp. Health Plan v. Jones*, No. 3:16-CV-02364-M, 2017 WL 7052877, at *1 (N.D. Tex. Aug. 21, 2017) (Lynn, J.) ("UMR's request for leave to amend does not address the good cause standard or any of the relevant factors. Accordingly, UMR's request is denied."); *see also Marroquin v. United States*, No. 3:08-CV-0489-G-BH, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009) ("Claims raised for the first time in a reply brief need not be considered by the Court.").

Moreover, on the merits, denial of Balboa's request to amend is appropriate under both the Rule 16 factors and on futility grounds.  Factor 2, importance, weighs heavily against amendment; the proposed amendments do not add claims, but consist entirely of factual allegations Balboa may raise at trial regardless of their inclusion in the pleadings.[7]  The Court has considered the remaining factors and concludes that the relative insignificance of the proposed amendments cannot overcome the prejudice of amending the pleadings yet again at this late stage of the proceedings.

In addition, "[a] futility finding is warranted if the amended complaint would fail to state a claim upon which relief could be granted."  *Cont'l Ins. Co. v. Dawson*, 273 F. Supp. 3d 688, 692, 697–98 (N.D. Tex. 2017) (Lynn, C.J.).  Balboa asserts that its proposed amendments relate to "Ascentium's voluntary, partial, and misleading disclosures" which "triggered a duty to disclose."  Reply (ECF No. 404) at 4.  As discussed in detail above, a duty to disclose under

---

[7] Ascentium represents it will not oppose admission of the facts recited in the proposed Fourth Amended Complaint at trial simply because they were not included in the live pleading.  ECF No. 400 at 2.

California and Texas law arises only in the context of a fiduciary or transactional relationship.

*See supra* § II(b).  Just as in the Third Amended Complaint, Balboa's proposed Fourth Amended

Complaint does not plead a fiduciary or transactional relationship between Ascentium and

Balboa, and accordingly does not allege a duty to disclose.  *See generally* ECF No. 388-1

(proposed Fourth Amended Complaint).  Because Balboa's proposed Fourth Amended

Complaint does not state a claim for fraud by nondisclosure, Balboa's proposed amendments in

support of its fraud by nondisclosure claim are futile.

## IV.    Conclusion

For the foregoing reasons, Ascentium's Partial Motion to Dismiss is **GRANTED**, and

Balboa's Motion for Leave to File a Fourth Amended Complaint is **DENIED**.  Balboa's claim

for fraud by nondisclosure is dismissed in each of the consolidated cases.

**SO ORDERED**.

August 25, 2021.

BARBARA M. G. LYNN
CHIEF JUDGE